# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES BROWN** | **CIVIL ACTION NO. 05-1559LC** |
| **VS.** | **SECTION P** |
| **WARDEN, PINE PRAIRIE CORRECTIONAL CENTER** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner James R. Brown's petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on August 22, 2005. Brown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. At the time petitioner filed this suit, he was incarcerated in the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner has since been transferred to Dixon Correctional Institute in Jackson, Louisiana. Petitioner is serving a sixty (60) month sentence for the unauthorized use of movable over $1000 in value, imposed on March 7, 2005, following his January 18, 2005 guilty plea. Plaintiff names the Warden of Pine Prairie Correctional Center as his defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition and attached exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana, establish the following relevant facts:

1. On March 7, 2005, petitioner was sentenced to sixty (60) months imprisonment for the unauthorized use of movable over $1000 in value, imposed following his January 18, 2005 guilty plea.

2. Petitioner did not appeal his sentence to the Third Circuit Court of Appeals. [Doc. #1, p.3].

3. Accordingly, petitioner did not seek direct review of his conviction in the Louisiana Supreme Court.

4. Petitioner did not file an application for post-conviction relief. Rather, plaintiff states that he filed a motion seeking copies of certain documentation. [Doc. #1, p. 5].

5. As grounds for relief, petitioner's federal *habeas corpus* petition raises the illegality of his sentence based on double jeopardy.

## LAW AND ANALYSIS

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, it is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted the available state court remedies. 28 U.S.C. § 2254(b)(1), (c)[1]; *Rose v. Lundy*, 102 S.Ct. 1198 (1982); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). In order to satisfy the exhaustion requirement, the substance of the federal claim must be presented to the state's highest court, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998), citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Louisiana Supreme Court.

Petitioner admits that the claims presented in his petition have not been properly presented to any Louisiana courts for review. Thus, dismissal of this federal *habeas corpus* petition for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* provisions contain a one-year statute

---

[1] 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

of limitations for filing *habeas corpus* petitions in federal court. *See* 28 U.S.C. § 2244(d). Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 121 S.Ct. 2120 (2001).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of January, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE